**In re Charles E. CHRISMAN, Charlotte L. Chrisman, Debtors.**

**FAYETTE COUNTY BANK, Plaintiff,**

v.

**Charles E. CHRISMAN, Charlotte L. Chrisman, Defendants.**

Bankruptcy No. 2–82–00871.

Adv. No. 2–82–0355.

United States Bankruptcy Court, S.D. Ohio, E.D.

July 26, 1982.

Richard D. Owens, Washington C.H., Ohio, for plaintiff.

Mitchel D. Cohen, Columbus, Ohio, for debtors/defendants.

Frank Pees, Worthington, Ohio, trustee.

FINDINGS, CONCLUSIONS, AND ORDER ON COMPLAINT FOR RELIEF FROM STAY

THOMAS M. HERBERT, Bankruptcy Judge.

This matter is before the Court on the merits of a complaint filed by the Fayette County Bank (Bank) seeking relief from the stay imposed by 11 U.S.C. § 1301 to proceed against a co-debtor. The defendants answered the complaint and the matter was heard by the Court.

The Court finds that Charlotte L. Chrisman, one debtor in a jointly administered Chapter 13 proceeding which was confirmed by the Court on May 26, 1982, became obligated to the Bank on January 8, 1982, in the amount of $2,500.00. Repayment of that face amount plus $110.96 in finance charges was to have been made on April 8, 1982. The obligation was evidenced by a promissory note signed by Charlotte Chrisman and by her mother, Hilda L. Moody. Charles Chrisman, the other defendant herein, has no personal liability for the obligation.

This action is governed by the provisions of 11 U.S.C. § 1301(a) which state in relevant part:

> (a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this Chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a *consumer debt* of the debtor from any individual on such debt with the debtor, or that secured such debt, unless—
>
> (1) such individual became liable on or secured such debt in the ordinary course of such individual's business . . . (emphasis added).

It is the Bank's assertion that the joint obligation of Charlotte Chrisman and Hilda Moody represents a business obligation which is not a "consumer debt" as that term is used in 11 U.S.C. § 1301(a) or defined in 11 U.S.C. § 101(7) as a "debt incurred by an individual primarily for a personal, family or household purpose." The defendants counter with an assertion that the note itself shows that the proceeds were for "personal" use and that the defendants actually had no existing business for which the proceeds could be used.

The Court, after considering the testimony of the parties and examining the evi-

dence presented, makes the following findings.

The proceeds from the $2,500.00 unsecured personal note signed by Charlotte Chrisman and Hilda Moody were used by Charles and Charlotte Chrisman to secure training for a hoped-for employment opportunity with Financial Services Unlimited ("FSU"), a North Carolina entity. The $2,500.00 loan proceeds were deposited in a bank account belonging to Charles Chrisman and were transferred to David Cummings at Financial Services Unlimited. Mr. and Mrs. Chrisman were then entitled to learn from a one-week observation of Mr. Cummings. Both defendants also received several training manuals, and Charlotte Chrisman received some training relative to record keeping. At the conclusion of the training, whenever an opportunity arose or whenever the Chrismans could contribute additional funds to purchase a franchise, they would be entitled to an opportunity to realize income from participation in FSU's business of making high-risk loans. No contract of employment existed between the Chrismans and FSU, and no franchise was ever actually purchased by either Charles or Charlotte Chrisman. The Chrismans have not realized any income to date from FSU.

During early January, 1982, the defendants discussed the loan request with John Hill, an officer of the Bank. Mr. Hill knew the purpose for which the loan proceeds were sought and was aware of the potential job opportunity for the Chrismans. Mr. Hill was not present when Charlotte Chrisman and Hilda Moody executed the note, but Dan Mahoney, another officer of the Bank, witnessed the execution. Mr. Mahoney wrote the word "personal" in the blank on the note which indicated the purpose for which the proceeds were to be used. He never questioned Charlotte Chrisman or Hilda Moody regarding the intended purpose, but rather simply assumed the note was a personal loan.

On February 19, 1982, before the note had come due and before any payment had been made to the Bank, Charles and Charlotte Chrisman filed a petition under Chapter 13 of the Bankruptcy Code. A meeting of creditors pursuant to 11 U.S.C. § 341 was set for April 16, 1982, and the Bank, through Richard Owens, was in attendance at that meeting of creditors. During the § 341 meeting Mr. Owens asked Mr. and Mrs. Chrisman certain questions regarding the purpose of the $2,500.00 unsecured loan. Charlotte Chrisman stated, under oath, in the presence and with the advice of her counsel, that the purpose of the loan was to "pay a portion of—the brokerage franchise". Transcript of § 341 meeting at 7. She also stated that her husband was already in the business for which the franchise was to be purchased and that the proceeds of the note had been paid to David Cummings. Transcript of § 341 meeting at 7.

The Court finds that the proceeds of the loan from the Bank were used for training for a business opportunity. The testimony given by the debtors at the § 341 meeting was clearly stated, was unequivocal, and was given with the advice of counsel. Such testimony indicated the business purpose for the loan, and such purpose was not changed by the fact that the proceeds were actually used for the training opportunity rather than for any actual purchase of a franchise. Such clear testimony of purpose cannot now be denied on the basis that the debtors were nervous and upset. Although the Court does not find that Charlotte Chrisman necessarily "became liable on or secured such debt in the ordinary course of such individual's business," so as to come within the exception found in 11 U.S.C. § 1301(a)(1), the Court does not find that such an obligation is not a "consumer debt" as that term is defined in 11 U.S.C. § 101(7) and used in 11 U.S.C. § 1301(a).

Having found that the obligation to the Bank is not a "consumer debt", the Stay of Action Against Co-Debtor set out in 11 U.S.C. § 1301 is not applicable, and plaintiff is therefore free to pursue its remedies against the co-maker on its note.

IT IS SO ORDERED.